UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

DELYON HOWARD and TAMIKA LEE,

                    Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer
JERONNIE GLANVILLE (Shield No. 7529);
Sergeant SONIA CHRISTIAN (Shield No. 713);
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                    Defendants.

--------------------------------------------------------------- x

COMPLAINT

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiffs Deylon Howard and Tamika Lee are residents of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Jeronnie Glanville, Shield No. 7529 ("Glanville"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Glanville is sued in his individual and official capacities.

10. Defendant Sergeant Sonia Christian, Shield No. 713 ("Christian"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Christian is sued in her individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On October 19, 2012, at approximately 11:30 p.m., plaintiffs Lee and Howard were lawfully within 117-41 142 Place, Queens, NY.

15. Plaintiff Howard resided at the above location and his girlfriend, plaintiff Lee, was visiting.

16. Plaintiffs had left the backdoor ajar for their puppies to have access to the backyard.

17. Without any warning, approximately twenty officers burst into the residence through the back door and threw plaintiffs to the ground.

18. The defendant officers screamed questions at plaintiffs.

19. Defendants kicked plaintiff Howard in the back of the head repeatedly after plaintiffs did not promptly answer defendants' questions.

20. Defendants then searched the residence under the guise of a search warrant.

21. Despite numerous requests, defendants would not show plaintiffs the search warrant.

22. Defendants grabbed plaintiffs' puppies, choked them and threw them out of the door, injuring the dogs.

23. Defendants ransacked the entire apartment, and stole plaintiff Howard's television, entertainment system, i-Pod, and plaintiff Lee's i-Pad.

24. Defendants subsequently handcuffed plaintiffs and put them in a police van where they remained for nearly thirty minutes.

25. Defendants then transported plaintiffs to the 113th precinct.

26. One or more of the individual defendants met with an Assistant District Attorney and misrepresented that plaintiffs were in possession of a controlled substance and a weapon.

27. Specifically, defendants claimed that they recovered Tylenol with codeine and a knife.

28. At no time were plaintiffs in actual or constructive possession of these items or of any controlled substances and/or weapons.

29. From the precinct plaintiffs were transported to central booking.

30. After spending nearly twenty-four hours in central booking, plaintiffs were then arraigned in Queens County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

31. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

35. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

36. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

37. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

38. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

40. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiffs.

46. Plaintiffs were conscious of their confinement.

47. Plaintiffs did not consent to their confinement.

48. Plaintiffs' confinement was not otherwise privileged.

49. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

51. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

52. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Ms. Livingston.

53. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

56. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Failure To Intervene

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring/Training/Retention

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

64. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### First Amendment Retaliation

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

70. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

71. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## TENTH CLAIM
### Intentional Infliction of Emotional Distress

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so

extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

74. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

75. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

76. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Infliction of Emotional Distress

77. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

78. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

79. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

80. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: December 7, 2012
New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*